**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ALLEN THOMPSON, | No. 14-17030 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01539-KJM-AC |
| v. | |
| CARLTON DAVIS, Deputy District Attorney, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

David Allen Thompson, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action arising out of

defendant's issuance of subpoenas for records from a state mental health hospital

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

while Thompson was in jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001) (prosecutorial immunity). We affirm.

The district court properly dismissed Thompson's § 1983 claims for damages against Davis because Davis was entitled to prosecutorial immunity. *See Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009) (explaining that a "state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in pursuing a criminal prosecution insofar as he acts within his role as an advocate for the State and his actions are intimately associated with the judicial phase of the criminal process" (citation and internal quotation marks omitted)); *see also Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984) ("[P]rosecutorial immunity attaches to the actions of a prosecutor if those actions were performed as part of the prosecutor's preparation of his case, even if they can be characterized as investigative or administrative." (citation and internal quotation marks omitted)).

**AFFIRMED.**